[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 12, 1992 Date of Application June 1992 Date of Application filed June 8, 1992 Date of Decision September 26, 2000
Application for Review of Sentence imposed by the Superior court, Judicial District of Fairfield at G.A. 2.
Docket No. 91-62599
Andrew Bowman, Esq., Defense Counsel, for the Petitioner
Cornelius Kelly, Esq., Assistant States Attorney, for the State
Sentence: AFFIRMED
BY THE DIVISION
The defendant was convicted by jury trial of, inter alia, 2 counts of Attempted Murder in violation of C.G.S §§ 53a-49 and 53a-54a (a). The trial court imposed a net effective sentence of 40 years incarceration, execution suspended after 25 years incarceration, to be followed by a period of probation. It is this sentence that petitioner seeks to have reviewed.
The underlying factual basis for the crime is somewhat bizarre and the CT Page 13366 Division will relate a synopsis of the facts as recited in State v.Campfield, 44 Conn. App. 6 (1966). The victims were operating their motor vehicle on a public roadway at nighttime. The victim(s) noticed that an automobile was following them and occasionally flashing its high beams. The victims turned their vehicle into a driveway to allow the other vehicle to pass. The other vehicle turned into the driveway and stopped a short distance away. The victims approached the other vehicle in their vehicle thinking perhaps the operator of that other vehicle needed assistance. As the victims stopped a short distance away, still in their vehicle, the defendant who was the sole occupant of the suspect vehicle, fired approximately 5 shots at the two victims. Bullets entered the hood, the left front tire, mud flap and driver's side door, and shattered the driver's side window. Neither of the victims suffered any physical injury.
Counsel for the Petitioner put forward a very forceful argument on behalf of his client and did submit to the Division a lengthy memorandum in support of the Application for Reduction of Sentence dated December 22, 1999. The memorandum was reviewed by the Division.
Counsel for the Petitioner first emphasized that the petitioner is virtually without any prior convictions. The criminal history of the petitioner consists of two misdemeanors that occurred over 20 years previous.
Counsel for the petitioner provides a litany of reasons why, in counsel's opinion, the sentence is inappropriate and disproportionate to others similarly situated. Counsel claims that: no motive was demonstrated for the attack; no physical injuries were inflicted on the two victims; petitioner has no prior felony record; petitioner has no prior history of violence; petitioner has been married for over 30 years and has provided for three children; petitioner was a businessman and was self-sufficient.
Counsel indicates that petitioner is not a danger to the community or to the victims in that petitioner was out on appeal bond from 1992 to 1997 and there was no incident in the community and no attempt to contact the victims. Counsel stressed the present age of the petitioner as 68 years of age and that he is presently undergoing chemotherapy and radiation for his condition.[1]
Counsel for petitioner concluded by indicating there was no reason for the assault and that it was apparently a random act. Counsel request the court to impose a 5 year sentence.
Counsel for the State indicated that no motive for the incident could CT Page 13367 be ascertained and that the state is not obligated to prove motive. Counsel indicated at the time of the offense there was silence; no words were exchanged by either the victims or the perpetrator.
Counsel requested that the Division keep in mind the remarks of the victims at sentencing. Counsel concluded by asserting, in his opinion, the sentence is fair and appropriate.
The trial court found the conduct of the petitioner "abhorrent" and indicated "there's no justification for you to take pot shots at two innocent people who were in a car and that but for the fact that apparently you had bad aim that night we might have had one or two people who would be dead today."
The jury, after hearing all the evidence, found proven beyond a reasonable doubt that the petitioner did attempt to kill two innocent persons. That there was ascertained no apparent motive and no apparent provocation makes the acts of the petitioner more aggravating in nature.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. And Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J., and Norko, J. participated in this decision.
MIANO, J.
KLACZAK, J.
NORKO, J. CT Page 13368